1  WILLIAM R. TAMAYO - #0844965 (CA)
   JONATHAN T. PECK - #12303 (VA)
2
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105-1260
   Telephone Number: (415) 625-5646
5  Facsimile Number: (415) 625-5657
   E-mail: Jonathan.Peck@eeoc.gov
6
   Attorneys for Plaintiff EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8  LAURIE HOEFER, OSB #054234
   LEGAL AID SERVICES OF OREGON
9  397 N. First Street, Woodburn, OR 97071
   Telephone Number: (503) 981-5291
10 Facsimile Number: (503) 981-5292
   Email: laurie.hoefer@lasoregon.org
11

12 MAVEL MORALES, OSB #060969
   OREGON LAW CENTER
13 328 W. Main St. #200, Hillsboro, OR 97123
   Telephone Number: (503) 726-4381
14 Facsimile Number: (503) 726-4382
   Email: mmorales@oregonlawcenter.org
15

16 Attorneys for Plaintiff Dominguez

17 KEVIN H. KONO, OSB #023528
   DAVIS, WRIGHT TREMAINE LLP
18 1300 S.W. Fifth Avenue, Suite 2300
   Portland, OR 97201
19 Telephone Number: (503) 241-2300
   Facsimile Number: (503) 778-5299
20 Email: kevinkono@dwt.com

21 Attorneys for Defendants Wilcox Farms, Inc., et al.

22

23

24

25

26

27

28

CONSENT DECREE
08-CV-1141-MO

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON AT PORTLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>DIANA DOMINGUEZ,<br><br>Plaintiff/Intervenor<br><br>vs.<br><br>WILCOX FARMS, INC., WILCOX DAIRY FARMS, LLC, AND WILCOX FARM SERVICES,<br><br>Defendants. | CIVIL ACTION NO. 08-CV-1141-MO<br><br>**CONSENT DECREE** |

## INTRODUCTION

On September 30, 2008, Plaintiff Equal Employment Opportunity Commission ("EEOC") filed this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Diana Dominguez (hereinafter "Charging Party"). Plaintiff EEOC alleged that Defendants Wilcox Farms, Inc., Wilcox Diary Farms, LLC and Wilcox Farm Services, LLC (collectively "Wilcox Farms" or "Defendants") discriminated against Diana Dominguez when she was allegedly sexually harassed by a co-worker alleged to be her supervisor. The EEOC further alleged that when Ms. Dominguez complained about the harassment and work conditions to the defendants she was retaliated against and forced to resign her employment. Ms. Dominguez intervened in this action on December 23, 2008 and asserted various federal and state law claims based on these same allegations.

On May 14, 2009, Wilcox Farms answered the EEOC's complaint and Diana Dominguez's complaint in intervention and denied liability on all claims asserted by the EEOC

and Plaintiff/Intervenor Diana Dominguez.

The EEOC, Diana Dominguez and Defendants want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII.

## I.   NON-ADMISSION OF LIABILITY

This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII or any other law by Defendants, who deny liability.

## II.   GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action.

2. This Consent Decree constitutes the full and final resolution of all allegations of unlawful employment practices contained in Ms. Dominguez's discrimination charge, the EEOCs administrative determination, and Plaintiff EEOC's complaints and Diana Dominguez's complaints-in-intervention filed in this Civil Action No. 08-CV-1141-MO.

3. This Consent Decree shall become effective upon entry by the Court

4. Each party shall bear its own costs and attorney's fees.

## III.   GENERAL INJUNCTIVE RELIEF

1. *Sexual Harassment*: Defendants, their officers, agents, management (including supervisory employees), or any of them, are enjoined from (a) engaging in or being a party to any action, policy, practice that is intended to or is known to them to have the effect of sexually harassing or intimidating any employee of Defendants on the basis of sex; or (b) creating, facilitating or permitting the existence of discrimination on the basis of sex.

2. *Retaliation*: Defendants, their officers, agents, management (including supervisory employees), successors or assigns, or any of them, are enjoined from engaging in, implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee of Defendants because she or he complained about sexual

harassment, filed a Charge of Discrimination alleging any such practice, testified or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Defendants), proceeding or hearing in connection with this case; or was identified as a possible witness in this action.

### IV.  MONETARY RELIEF

1. In settlement of the claims alleged in the EEOC's Second Amended Complaint and in Diana Dominguez's Amended Complaint in Intervention, Wilcox Farms agrees to pay the total sum of $260,000.00 to the Charging Party, inclusive of all claims for attorney's fees and costs, including without limitation those attorney fees and costs claimed to be due and owing to the Charging Parties' private counsel, Oregon Law Center. Ms. Dominguez and Defendants will execute a separate release of claims to which the EEOC will not be a party. The settlement payment described above is being paid in complete compromise of all issues arising out of the EEOC's Second Amended Complaint and Diana Dominguez's Amended Complaint in Intervention filed in this lawsuit, Civil Action No. 08-CV-1141-MO, U.S. District Court for the District of Oregon at Portland. Ms. Dominguez shall dismiss her Amended Complaint in Intervention with prejudice and without fees or costs and the EEOC shall dismiss its Second Amended Complaint with prejudice and without fees or costs.

2. The monetary relief shall be paid as follows:

   a. Wilcox Farms shall issue two checks in the total amount of $ 260,000.00 less all lawful payroll deductions and withholdings, representing $26,000.00 in wages and $234,000.00 in compensatory damages. The checks shall be made in the form of a business check, cashier's check, or certified check. The check for $26,000.00 in wages, less all lawful payroll deductions, withholdings and IRS liens, shall be made payable to Diana Dominguez, and the check for $234,000.00 in compensatory damages shall be made payable to "Oregon Law Center Lawyer Trust Account." Wilcox Farms shall mail both checks to the Oregon Law Center, 328 W. Main Street, Suite 200, Hillsboro, OR 97123 by certified mail. Wilcox Farms shall mail the settlement checks no later than thirty (30) days after entry of an order of the Court approving this Consent Decree.

b.    Wilcox Farms shall cause to be issued IRS Forms W-2 and 1099-MISC to Ms. Dominguez, to the extent and in the manner that such forms are required by law.

## V.    SPECIFIC INJUNCTIVE RELIEF

1.    *Sexual Harassment and Retaliation Policy*

Defendants will incorporate the following "Statement of Zero-Tolerance Policy and Equality Objectives" in its EEO and Harassment Policy:

Wilcox Farms is firmly committed to maintaining a zero-tolerance policy concerning discriminatory harassment and retaliation against individuals who report harassment in the company's workplace; to swiftly and firmly responding to any acts of harassment and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

In order to accomplish the objectives embodied in the Statement of Zero-Tolerance Policy and Equality Objectives and this Consent Decree, Defendants shall further develop and implement the following policies, procedures and practices:

EEO and Harassment Policies:

a.    Defendants shall to the extent necessary issue a separate policy or modify their existing EEO & harassment policies, within ninety (90) days of signing the Consent Decree, such that the policies: (i) include definitions of discriminatory harassment, with specific reference to harassment based on sex; (ii) include examples to supplement the definitions of harassment based on sex; (iii) provide for substantial discipline and/or corrective action for incidents of discriminatory harassment; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation, (v) provide for substantial discipline for incidents of retaliation; (vi) provide that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) explain that Defendants will conduct a prompt and thorough investigation after a complaint is made or received and, where appropriate, will take

remedial action upon conclusion of an investigation; and (viii) indicate that, promptly upon the conclusion of the investigation of a complaint, Defendants will communicate to the complaining party the results of the investigation and at least a general description of the remedial actions taken or proposed, if any. The sexual harassment and retaliation policy shall be written in English and Spanish.

    b.    Defendants shall effectively disseminate its revised policies and procedures by:

        i.    Distributing copies and orally reading *in the language principally used to communicate with each employee* the content of the policy to all current employees within 10 days of the policy's adoption;

        ii.    Giving a copy of the policy to and reviewing the policy with all new employees, *in the language principally used to communicate with each employee*, upon the employees' hire.

    c.    Defendants will submit a copy of the revised EEO and harassment policies to EEOC at the same time it submits its report on the completion of training as described below in Paragraph 2 of this Section.

Complaint Procedures:

    d.    Defendants' policies and procedures relating to complaints of harassment (the "Complaint Policy") must be designed to encourage employees to come forward with complaints about violations of its harassment policies. Wilcox Farms' Complaint Policy must provide Wilcox Farms employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment and retaliation. Wilcox Farm's Complaint Policy must notify employees that they can lodge a complaint with their General Manager, Plant Manager, the Owner(s), any Human Resources representative, and any other Manager with supervisory responsibility. Defendants shall ensure that contact information (names and telephone numbers) for the above-referenced managers and owners is continuously posted in a prominent place at all of Defendants' business

locations during the term of the Consent Decree. The posting shall state words to the effect that *if the designated person does not speak the primary language of the complainant – defendants will provide a non-employee qualified interpreter within a reasonable time of being notified of the employee's desire to report an incident of sexual harassment or retaliation.* Defendants will submit a copy of the complaint procedures to the EEOC at the same time it submits its training materials.

<u>Supervisory Accountability</u>:

  e. Defendants shall impose substantial discipline - up to and including termination, suspension without pay or demotion - upon any supervisor or manager whom Defendants determine has engaged in unlawful harassment or has knowingly permitted any such conduct to occur in his or her work area or among employees under his or her supervision, or who Defendants determine has retaliated against any person who complains or participates in any investigation or proceeding concerning any such harassment.

  f. Defendants shall communicate their EEO and harassment policy to all current supervisors and managers when they disseminate their revised EEO and harassment policies, or no later than 45 days after entry of this Consent Decree if the policy does not require revision.

  g. Defendants shall communicate their EEO and harassment policy to all other supervisors and managers at the time they are hired in or promoted to the position of supervisor/manager and, subsequently, on an annual basis.

  h. Defendants shall advise all managers and supervisors of their duty to actively monitor their work areas to ensure employee compliance with the harassment policy, and to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the General Manager, Plant Manager, the Owner(s) and any other Manager with supervisory authority.

2. ***Sexual Harassment Anti-Discrimination Training.*** Within one-hundred eighty days (180) of entry of an order approving this Consent Decree, Wilcox Farms will present training in English and in Spanish (or any other language principally spoken to communicate with the employees) on sexual harassment, discrimination and retaliation to all Managers, Supervisors and employees. The cost of the training will be borne by Wilcox Farms. This training will thereafter be held annually no later than September 30th of each year, throughout the course of this Consent Decree.

    a. The training described in the preceding paragraph shall be provided by individuals with established experience in the area of employment discrimination training. The training will include examples of sexual harassment and retaliation practices that violate Title VII. The training will inform each participant that he or she is responsible for knowing and complying with the contents of Wilcox Farms' Anti-Discrimination policies.

    b. Wilcox Farms will retain records of the trainings it provides pursuant to this decree for the duration of this decree. The records will list the date of the training and the persons who attended the training. Wilcox Farms will provide a copy of these records and of the training materials to counsel of record for the EEOC within thirty (30) days of completion of the training.

## VII. REPORTS TO THE COMMISSION

1. <u>Training Reports:</u> Within 30 days of completion of the training required by section V(2) of the Consent Decree, Wilcox Farms will send the EEOC appropriate verification of its completion of harassment training.

2. <u>Sexual Harassment Complaint Reports</u>: Wilcox Farms agrees to provide the following reports relating to complaints of sexual harassment made at any Wilcox Farms location:

    a. Initial Complaint Report: Ninety days after the entry of an order approving this Consent Decree, Wilcox Farms will mail to counsel of record for the EEOC a report containing the following information and documentation (the "Initial Complaint Report"):

        i.      A summary of all sexual harassment complaints, if any, made to Wilcox Farms from the date an order approving this Consent Decree is entered to the date of the Initial Complaint Report. This summary shall contain a brief description of the type of complaint and a statement as to the results of each investigation of such complaints. This report will identify the complaints by number and will not set forth identifying information of Wilcox Farms employees.

        ii.     A copy of all records, documents and other writings relevant to such complaints and investigations shall be maintained by Wilcox Farms during the period of the Consent Decree. Copies of the documents shall be made available to the Commission within ten (10) business days following a written request from the Commission to Wilcox Farms' counsel. The EEOC recognizes that documents relating to these complaints may contain identifying information of Wilcox Farms' employees. The EEOC shall not disclose the information described in this section to any third party.

    b.     Subsequent Complaint Reports: On the first business day of January and of June of each year during the duration of this Consent Decree, Wilcox Farms will mail to counsel of record for the EEOC a report containing the documentation and information described in Section VII(B)(1)(i)-(ii).

### VIII. EMPLOYMENT REFERENCES

Wilcox Farms shall not disclose any information or make references to any charge of discrimination or this lawsuit in responding to employment reference requests for information about Diana Dominguez. Defendants will provide only neutral references in response to inquiries from prospective employers of Ms. Dominguez. In response to a specific inquiry, Wilcox Farms may disclose Ms. Dominguez's dates of employment, position held and rate of pay, as requested. However, in order for this provision to apply, Ms. Dominguez must direct all persons seeking references to Wilcox Farms' Human Resources Manager at its Roy, Washington corporate office.

## IX. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1.  This Consent Decree shall terminate within three (3) years from the date of entry by the court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance by Wilcox Farms and the Court grants the petition. If the EEOC determines that Wilcox Farms has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to Wilcox Farms and to counsel for Wilcox Farms listed above, and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds Wilcox Farms to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2.  This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:

DATED: August 11, 2009

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: August 11, 2009

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On Behalf of Charging Parties:

DATED: August ___, 2009

_____
LAURIE HOEFER
LEGAL AID SERVICES OF OREGON

## IX. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. This Consent Decree shall terminate within three (3) years from the date of entry by the court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance by Wilcox Farms and the Court grants the petition. If the EEOC determines that Wilcox Farms has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to Wilcox Farms and to counsel for Wilcox Farms listed above, and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds Wilcox Farms to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:

DATED: August ____, 2009

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

DATED: August ____, 2009

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

On Behalf of Charging Parties:

DATED: August 11, 2009

_____
LAURIE HOEFER
LEGAL AID SERVICES OF OREGON

1  DATED: August 12, 2009            /s/ Mavel Morales
2                                    MAVEL MORALES
                                     OREGON LAW CENTER
3
4                                    On Behalf of Defendants:
5
6  DATED: August ___, 2009
7                                    _____
                                     KEVIN H. KONO
8                                    DAVIS WRIGHT TREMAINE LLP
9
10 APPROVED AND SO ORDERED:
11
12 _____
   U.S. DISTRICT JUDGE MOSMAN

| | |
|---|---|
| 1 | |
| 2 | DATED:      August ____, 2009 |
| 3 | |
| | MAVEL MORALES |
| | OREGON LAW CENTER |

On Behalf of Defendants:

DATED:      August 12, 2009

*[signature]*

KEVIN H. KONO
DAVIS WRIGHT TREMAINE LLP

APPROVED AND SO ORDERED:

_____
U.S. DISTRICT JUDGE MOSMAN